**1530** 

[No. C059277. Third Dist. Feb. 10, 2009.]

In re E.G., a Person Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
JULIE G., Defendant and Appellant.

**COUNSEL**

Mario de Solenni, under appointment by the Court of Appeal, for Defendant and Appellant.

Robert A. Ryan, Jr., County Counsel, and Maureen M. O'Connor, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**SCOTLAND, P. J.**—Julie G. (appellant), mother of E.G. (the minor), appeals from juvenile court orders terminating appellant's parental rights. (Welf. & Inst. Code, §§ 366.26, 395; further section references are to the Welfare and Institutions Code unless otherwise specified.) She claims reversal is required because there was a failure to give Indian Child Welfare Act of 1978 (ICWA) notice to all identified tribes. (25 U.S.C. § 1901 et seq.) We shall affirm the orders.

■ As we will explain, until biological parentage is established, an alleged father's claim of Indian heritage does not trigger the requirement of ICWA notice because, absent a biological connection, the minor cannot claim Indian heritage through the alleged father. Here, a paternity test established that the alleged father was not the biological father of the minor. Therefore, ICWA notice was not required.

### FACTS

The newborn minor was detained in March 2007 due to appellant's substance abuse problem, exemplified by positive drug tests for both appellant and the minor when the minor was born and by appellant's admission of recent drug use. The detention report identified two alleged fathers, A.J. and C.H., for the minor.

At the detention hearing, appellant claimed possible heritage in the Apache and Blackfeet Indian tribes. The juvenile court ordered the Sacramento County Department of Health and Human Services (DHHS) to provide ICWA notice to those tribes. At the next hearing, alleged father A.J. appeared and claimed possible heritage in the Cherokee and Pomo Indian tribes.[1] Thus, the court ordered DHHS to provide ICWA notice to those two tribes. The court ordered both alleged fathers to participate in paternity testing.

DHHS sent ICWA notice to the tribes claimed by appellant but not to the tribes claimed by alleged father A.J. Negative responses were received from the Blackfeet and several of the Apache tribes.

Results of A.J.'s paternity test, attached to the jurisdiction/disposition report, showed that he was excluded as the father of the minor.[2]

---

[1] Appellant's opening brief incorrectly states that appellant claimed Cherokee heritage.

[2] Appellant's opening brief incorrectly states that, by the time of the jurisdiction hearing, neither alleged father had taken a paternity test.

Finding that the minor was not an Indian child, the juvenile court ordered reunification services. When appellant failed to comply with the reunification plan, the court terminated services.

At the selection and implementation hearing in April 2008, the juvenile court found that the minor was likely to be adopted. Thus, the court terminated parental rights.

## DISCUSSION

Appellant contends the juvenile court erred in failing to provide ICWA notice to the Cherokee and Pomo tribes.

■ ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912.) If, after the petition is filed, the juvenile court "knows or has reason to know that an Indian child is involved," notice of the pending proceeding and the right to intervene must be sent to the tribe or the Bureau of Indian Affairs if the tribal affiliation is not known. (25 U.S.C. § 1912(a); Welf. & Inst. Code, § 224.2, subd. (a); see Cal. Rules of Court, rule 5.481(b).)

Although no notice was sent to the tribes claimed by alleged father A.J., we perceive no error under the facts of this case.

■ ICWA defines "Indian child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The necessity of a biological tie to the tribe is underlined by the ICWA definition of a "parent" as "any biological parent or parents of an Indian child . . . ." (25 U.S.C. § 1903(9).)

■ An alleged father may or may not have any biological connection to the child. Until biological paternity is established, an alleged father's claims of Indian heritage do not trigger any ICWA notice requirement because, absent a biological connection, the child cannot claim Indian heritage through the alleged father. Since A.J. was excluded as a biological father of the child, no notice was required under ICWA. Recent additions to the Welfare and Institutions Code do not alter this result; until biological paternity is established for an alleged father who claims Indian heritage, neither the court nor the social worker knows or has reason to know that an Indian child is involved and notice requirements are not activated. (§ 224.2, subd. (a).)

With A.J. excluded as the minor's father, we need not address appellant's remaining contention that the court failed to determine whether ICWA applied with respect to the tribes he had claimed.

## DISPOSITION

The orders of the juvenile court are affirmed.

Sims, J., and Nicholson, J., concurred.